UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RANDOLFO MARROQUIN, et al.,

    Plaintiffs,

v.

COUNTRY CHOICE, LLC, et al.,

    Defendants.

Civil Action No. 13-598
DAR

**MEMORANDUM OPINION AND ORDER**

    Plaintiffs Randolfo Marroquin, Juan Jose Guillen Morales, and Emilio Ortega Marroquin bring this action against Defendants Country Choice, LLC, Merhan Haj-Momenian, and Houshang Momenian, alleging violations of the minimum wage and overtime compensation requirements of the Federal Fair Labor Standards Act ("FLSA") and the District of Columbia Minimum Wage Act Revision Act ("DCMWA"). First Amended Complaint ("Complaint") (Document No. 24). With the consent of the parties, this case was assigned to the undersigned United States Magistrate Judge for all purposes. Order Referring Case to Magistrate Judge for All Purposes (Document No. 16); Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Document No. 18). Pending for determination is Plaintiffs' Motion for Default Judgment of Amount Certain (Document No. 28). Upon consideration of the motion, the exhibits submitted in support thereof, and the entire record herein, the court will grant Plaintiffs' motion and enter default judgment against Defendants.

**BACKGROUND**

Plaintiffs are former employees of Defendant Country Choice, LLC, a corporation operating "continuously in the District of Columbia and surrounding states acting as a meat wholesaler and grocery store." Complaint ¶¶ 3, 4. Defendant Haj-Momenian was the general manager of Defendant Country Choice, and in that capacity, supervised Plaintiffs and held authority with respect to the terms of their employment. *Id.* ¶ 11. Defendant Houshang Momenian was the owner and manager of Defendant Country Choice during Plaintiffs' employment, and similarly supervised Plaintiffs. *Id.* ¶ 12. Plaintiffs allege that they were "employees," and that Defendants were their "employer," as defined by the FLSA and the DCMWA. *Id.* ¶¶ 20-21, 28, 35, 38.

Plaintiffs allege that during the course of their employment, they worked approximately 60 hours per week and received set weekly rates "irrespective of the number of hours that [they] actually worked." *Id.* ¶¶ 13-15. From approximately September 1, 2010 until January 15, 2013, Plaintiff Randolfo Marroquin worked as a "general laborer, butcher, and delivery driver" for nine and one-half to ten hours per day, six days a week. *Id.* ¶ 13. Defendants paid him $360 per week from September 1, 2010 until December 1, 2010; from December 1, 2010 to July 1, 2011, Defendants paid him $400 per week; from July 1, 2011 to June 20, 2012, Defendants paid him $450 per week; and from June 20, 2012 to January 15, 2013, Defendants paid him $500 per week. *Id.* Plaintiff Juan Jose Guillen Morales was employed by Defendants as a "general laborer and butcher from roughly September 12, 2012 to March 20, 2013." *Id.* ¶ 14. Plaintiff Morales also worked nine and one-half to ten hours per day, six days a week. *Id.* Defendants initially paid him $380 per week; starting in November 12, 2012, they paid him $400 per week. *Id.*

Plaintiff Emilio Ortega Marroquin was employed by Defendants as a "general laborer and butcher from roughly August 2006 to May 4, 2013," and also worked for nine and one-half to ten hours per day, six days a week. *Id.* ¶ 15. Defendants paid him $400 per week. *Id.*

Plaintiffs allege that Defendant Haj-Momenian and Defendant Houshang Momenian "controlled" their work schedules and "determined the rate and method of [their] pay." *Id.* ¶¶ 13-15. Plaintiffs further allege that Defendants "willful[ly] and intentional[ly]" failed to pay Plaintiffs the minimum wage and overtime compensation required by D.C. and federal law. *Id.* ¶¶ 13-15, 17. Plaintiffs assert the following claims against Defendants: violation of the overtime requirement of the FLSA (Count I); violation of the minimum wage requirement of the FLSA (Count II); violation of the overtime requirement of the DCMWA (Count III); and violation of the minimum wage requirement of the DCMWA (Count IV).

**APPLICABLE STANDARDS**

*Default Judgment*

Rule 55 of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk's entry of default, the party may then move for entry of default judgment. Fed. R. Civ. P. 55(b). "The determination of whether default judgment is appropriate is committed to the sound discretion of the trial court." *ITPE Pension Fund v. Stronghold Sec., LLC*, No. 13-0025, 2014 WL 702580, at *1 (D.D.C. Feb. 25, 2014) (citations omitted) (quoting another source) (internal quotation marks omitted). The defendant "must be considered a totally unresponsive party and its default plainly wilful, reflected by its failure to respond to the summons and complaint, the entry of default, or the

motion for default judgment." *Id.* (citations omitted) (quoting another source) (internal quotation marks omitted). "The standard for default judgment is satisfied where the defendant makes no request to set aside the default and no suggestion that it has a meritorious defense." *Id.* (citations omitted) (quoting another source).

The Clerk of Court's entry of default "establishes the defaulting party's liability for the well-pleaded allegations of the complaint." *Id.* (citation omitted) (quoting other source) (internal quotation marks omitted). Unless the amount of damages is a sum certain, the court must make an "independent determination" and has "considerable latitude" in awarding a sum of damages. *Id.* (citations omitted) (internal quotation marks omitted). "The court may rely upon detailed affidavits and documentary evidence in the determination of the amount of the default judgment." *Id.* (citation omitted).

### *Fair Labor Standards Act*

The Fair Labor Standards Act provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce . . ." a minimum wage, which, during the period relevant to this action, was $7.25 an hour. 29 U.S.C. § 206(a). The statute further provides that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." § 207(a)(1).

The statute provides employees a cause of action for their employer's violation of these provisions, and provides for damages "in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." § 216(b); *see also Thompson v. Linda And A., Inc.*, 779 F. Supp. 2d 139, 153 (D.D.C. 2011) (citing 29 U.S.C. § 260) (finding that an award of liquidated damages under the FLSA "is mandatory unless 'the employer shows to the satisfaction of the court that the act or omission giving rise [to the FLSA action] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]'"). "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." § 216(b). For purposes of the statute, and relevant to this action, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." § 203(d).

### *District of Columbia Minimum Wage Act Revision Act*

Under District of Columbia law, from January 1, 2006 until July 1, 2014, "the minimum wage required to be paid to any employee by any employer in the District of Columbia shall be $7 an hour, or the minimum wage set by the United States government pursuant to the Fair Labor Standards Act, plus $1, whichever is greater." D.C. Code § 32-1003(a). Thus, during the period of time in question, the minimum wage under District of Columbia law was $8.25 an hour. The DCMWA also provides that "[n]o employer shall employ any employee for a workweek that is longer than 40 hours, unless the employee receives compensation for employment in excess of 40 hours at a rate not less than 1 1/2 times the regular rate at which the employee is employed." § 32-1003(c). For violations of these provisions, employees may bring an action to recover "the

amount of the unpaid wages," "an additional amount as liquidated damages," and "reasonable attorney's fees and costs of the action." § 32-1012(a), (c).

Under the DCMWA, "[t]he term 'employer' includes any individual, partnership, association, corporation, business trust, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee . . . ." § 32-1002(3); *see also Guevara v. Ischia, Inc.*, No. 13-895, 2014 WL 2535872, at *3 (D.D.C. June 6, 2014) (citations omitted) ("For purposes of individual liability, the word 'employer' in the FLSA and the DCMWA is generally interpreted in the same way. At minimum, an individual who exercises operational control over an employee's wages, hours, and terms of employment qualifies as an 'employer,' and is subject to individual liability.").

**DISCUSSION**

Defendants' participation in this action has been sporadic. Defendants have been represented by counsel throughout these proceedings. Defendants Country Choice, LLC and Houshang Momenian previously filed an answer to Plaintiffs' original complaint. *See* Answer (Document No. 8). Upon reassignment of this matter to the undersigned, the court scheduled a status conference for August 20, 2013. Counsel for Defendants did not appear for the scheduled hearing, and when contacted via telephone, requested that it be rescheduled. 08/20/2013 Minute Order. Counsel for Plaintiffs and Counsel for Defendants appeared for the rescheduled conference, and they agreed to engage in mediation through the Circuit's mediation program.[1]

---

[1] The court was advised by a representative of the Circuit's mediation program that Defendants' counsel failed to respond to attempts at scheduling mediation sessions, and accordingly, the parties did not engage in mediation.

*See* Order Referring Civil Action for Mediation (Document No. 21). The Clerk of Court had entered default against Defendant Merhan Haj-Momenian (Document No. 15), but Plaintiffs, through counsel, consented to Defendant Haj-Momenian's oral motion to vacate the entry of default to allow him an opportunity to file an answer. *See* Scheduling Order (Document No. 20).

The court conducted another status hearing on October 8, 2013, at which Defendants, through counsel, indicated their consent to Plaintiffs' request for leave to file an amended complaint. Accordingly, the court granted Plaintiffs' motion and ordered that Defendants file their answers to the amended complaint by no later than October 28, 2013. *See* Supplemental Scheduling Order (Document No. 23). After Defendants failed to file their answers in accordance with the court's order, the court, *sua sponte*, provided them an extension of time in which to comply. 10/31/2013 Minute Order. To date, Defendants have not filed answers, or any responsive pleading, to Plaintiffs' amended complaint, and have not offered any explanation for their failure to do so.

At the request of Plaintiffs, the Clerk of Court entered default (Document No. 27) against Defendants on December 5, 2013, and Plaintiffs subsequently filed their motion for default judgment. The undersigned observes that initial counsel for Defendants has not withdrawn his appearance in this action, and still receives notices through the court's electronic filing system. Defendants did not file a response to Plaintiffs' motion, and have not otherwise sought to vacate the entry of default.[2]

The undersigned thus finds that default judgment is warranted under the circumstances

---

[2] By separate order filed on this date, the undersigned denied the motion filed by different counsel for leave to file an opposition to Plaintiffs' motion for default judgment. *See* Order (Document No. 33).

because the instant litigation "has been halted because of an essentially unresponsive party." *See ITPE Pension Fund*, 2014 WL 702580, at *1 (internal quotation marks omitted) (citing *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011)). The Clerk of Court's entry of default establishes Defendants' liability for the well-pled allegations contained in Plaintiffs' amended complaint. Plaintiffs plead sufficient facts to support the alleged violations, and the court will thus enter judgment in favor of Plaintiffs on all four counts.[3]

With respect to damages, Plaintiffs filed a chart calculating their respective unpaid minimum wages, unpaid overtime compensation, and resulting liquidated damages. *See* Memorandum in Support of Motion for Default Judgment of Amount Certain ("Memorandum") (Document No. 28-1), Exhibit 1. In support of their request for damages, each Plaintiff submitted an affidavit attesting to the hours that he worked and the payment that he received. Memorandum at 4-6; *see also* Memorandum, Exhibits 2, 3, 4. Plaintiffs calculate their damages based on 59 hours worked per week, and the $8.25 minimum wage under District of Columbia law. *See* Memorandum, Exhibit 1. Plaintiffs did not submit evidence with respect to their request for attorney's fees and costs, but indicated their intent to submit a subsequent petition with respect to that request. *See* Memorandum at 6.

As previously noted, Defendants are represented by counsel in this matter, and they did not file an opposition or other response to Plaintiffs' motion. Upon review of Plaintiffs' calculations and their affidavits in support of their request, the undersigned will award the requested damages.

---

[3] Plaintiffs aver that this court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216(b), and that "[v]enue in this Court is proper pursuant to 28 U.S.C. § 1391." Complaint ¶¶ 9, 10.

Plaintiff Randolfo Marroquin, upon consideration of the evidence in accordance with the applicable standards, is awarded damages in the amount of $31,538.76, as set forth in the tables below. From September 1, 2010 through June 20, 2012, Plaintiff Randolfo Marroquin should have received $330 per week in regular wages (40 hours per week at $8.25 an hour) and $235.13 per week in overtime compensation (19 hours per week at $12.38 an hour). Thus, during that period of time, Plaintiff Randolfo Marroquin should have received $565.13 each week.

| Number of weeks worked | Amount paid per week | Amount owed per week ($565.13 minus amount paid) | Amount owed per week times number of weeks worked | Liquidated damages |
| --- | --- | --- | --- | --- |
| 13 | $360 | $205.13 | $2,666.63 | $2,666.63 |
| 30 | $400 | $165.13 | $4,953.75 | $4,953.75 |
| 50 | $450 | $115.13 | $5,756.25 | $5,756.25 |

From June 20, 2012 through January 15, 2013, Plaintiff Randolfo Marroquin earned $500 per week, resulting in an hourly rate of approximately $8.47, which was higher than the required minimum wage. Thus, his overtime rate for that time period was $12.71 an hour. Accordingly, during that time period, Plaintiff Marroquin should have received $580.51 per week to account for working 40 hours at $8.47 an hour and 19 hours at $12.71 an hour.[4]

| Number of weeks worked | Amount paid per week | Amount owed per week ($580.51 minus amount paid) | Amount owed per week times number of weeks worked | Liquidated damages |
| --- | --- | --- | --- | --- |
| 30 | $500 | $80.51 | $2,415.25 | $2,415.25 |

---

[4] For purposes of simplifying the discussion, the undersigned rounded the hourly rates to two decimal places; however, the undersigned utilized the non-rounded values when calculating damages. Thus, the amount owed is calculated as $580.51, rather than $580.29.

Plaintiff Juan Jose Guillen Morales, upon consideration of the evidence in accordance with the applicable standards, is awarded damages in the amount of $43,252.50, as set forth in the table below. During the period of time in which he was employed by Defendants, he should have received $565.13 each week to account for working 40 regular hours at $8.25 an hour, and 19 overtime hours at $12.38 an hour.

| Number of weeks worked | Amount paid per week | Amount owed per week ($565.13 minus amount paid) | Amount owed per week times number of weeks worked | Liquidated damages |
|---|---|---|---|---|
| 8 | $380 | $185.13 | $1,481 | $1,481 |
| 122 | $400 | $165.13 | $20,145.25 | $20,145.25 |

Finally, Plaintiff Emilio Ortega Marroquin, upon consideration of the evidence in accordance with the applicable standards, is awarded damages in the amount of $51,849.25, as set forth in the table below. During the period of time in which he was employed by Defendants, he should have received $565.13 each week to account for working 40 regular hours at $8.25 an hour, and 19 overtime hours at $12.38 an hour.

| Number of weeks worked | Amount paid per week | Amount owed per week ($565.13 minus amount paid) | Amount owed per week times number of weeks worked | Liquidated damages |
|---|---|---|---|---|
| 157 | $400 | $165.13 | $25,924.63 | $25,924.63 |

Therefore, Plaintiffs are awarded damages in the amount of $126,685.51 to account for unpaid minimum wages, unpaid overtime compensation, and liquidated damages.

**CONCLUSION**

For all of the foregoing reasons, it is, this 30ᴴ day of September, 2014,

**ORDERED** that Plaintiffs' Motion for Default Judgment (Document No. 28) is **GRANTED**. The court will direct the Clerk of Court to enter default judgment against Defendants in the amount of $126,685.51.

                                                   /s/
                                   DEBORAH A. ROBINSON
                                   United States Magistrate Judge